IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LINDA BORISH,** | : |
|     **Plaintiff** | : |
| | : |
| v. | : |
| | :    **Jury Trial Demanded** |
| | : |
| **COUNTY OF LUZERNE,** | :    **(Filed Electronically)** |
|     **Defendant** | : |
| | : |

**COMPLAINT**

**I.   JURISDICTION**

1. This action is authorized, initiated, founded upon, and arises under the provisions of federal law, particularly Title VII of the Civil Rights Act of 1964, as amended, specifically 42 U.S.C. §2000e-2(a); and the Age Discrimination in Employment Act (ADEA), and 29 USC §621(a), and, the Pennsylvania Human Relations Act, 43 P.S. §955 et seq.. Declaratory relief is sought under 28 U.S.C. §§2201 and 2202.

2. The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §§1331 and 1343; 42 U.S.C. §2000e-2(a); and §7(b) of the ADEA, 29 USC §626(b), as well as its pendent jurisdiction over state claims.

3. The violations of Plaintiff's rights as alleged herein were committed within the Middle District of Pennsylvania.

**II.   PARTIES**

4. Plaintiff Linda Borish is an adult female who is a citizen of the

United States and residing at 225 Poland Street, Swoyersville, Luzerne County, Pennsylvania 18704.

5. Defendant County of Luzerne is a political subdivision within the Commonwealth of Pennsylvania, with its address at Luzerne County Courthouse, North River Street, Wilkes-Barre, Luzerne County Pennsylvania.

6. At all times material hereto, Valley Crest Nursing Home was an instrumentality of Defendant, County of Luzerne, providing nursing home services for residents of the County of Luzerne.

7. Valley Crest Nursing Home is located at 1551 East End Blvd., Plains Township. Wilkes-Barre, Luzerne County, Pennsylvania 18711-0575.

8. At all times material hereto, Defendant was, and is an employer within the meaning of the Age Discrimination Employment Act as well as under Title VII of the Civil Rights Act of 1964.

9. At all times material hereto, the Defendant was engaged in an industry affecting commerce.

10. The Defendant has employed 500 or more employees for every working day in each of 20 or more calendar weeks in the current and proceeding calendar year.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff has complied with all applicable administrative prerequisites to bring a complaint under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964; and the Pennsylvania Human Relations Act.

## IV. RIGHT OF EQUITABLE RELIEF

12. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein alleged, and this suit for declaratory and injunctive relief is the only means of securing adequate relief.

## V. JURY TRIAL DEMANDED

13. Plaintiff demands a trial by jury in this matter.

## VI. FACTUAL ALLEGATIONS

14. Plaintiff is an adult female individual.

15. Plaintiff was born on December 11, 1951.

16. Plaintiff was employed as a transportation aide by Defendant at Valley Crest Nursing Home.

17. At all times prior to Plaintiff's termination on July 31, 2004 Defendant employed two transportation aides including Plaintiff, and one Director of Transportation at the Valley Crest Nursing Home.

18. The other transportation aide was Joseph Parada, a male and person younger than the Plaintiff.

19. The two transportation aide positions and the Director of Transportation are management positions, and are therefore non-union.

20. On or about April of 2004, the Plaintiff spoke with James Miller, Administrator at Valley Crest Nursing Home, who informed her that the jobs of transportation aide and Director of Transportation were going to be eliminated, with no replacements to be hired.

21. On or about three occasions between April 2004 and Plaintiff's termination on or about July 31, 2004, Plaintiff requested of Mr. Miller that she be given an alternative position in another area of the nursing home in a non-management position in which she would be represented by the union.

22. Mr. Miller responded that the Defendant was not going to hire anyone, and refused Plaintiff's requests.

23. On some point subsequent to April of 2004, Joseph Prada who also worked as Transportation Aide, was allowed by the Defendant to obtain an alternate position in the housekeeping department, a position which had union representation, and for which the Plaintiff was qualified.

24. At the time Mr. Prada was awarded the job and alternative position in housekeeping, he had less seniority than the Plaintiff.

25. Joseph Prada is a male, and younger the Plaintiff.

26. Subsequent to Plaintiff's termination, her job duties, in whole or in part, were performed by younger employees.

27. Subsequent to Plaintiff's termination, her job duties, in whole or in part, were performed by male employees.

28. On or about April 2004 and thereafter, Defendant allowed employees younger and less qualified than the Plaintiff to be awarded alternative positions after their jobs were eliminated.

29. For example, an employee named Susan (last name unknown) and Terri, (last name unknown) both younger than the Plaintiff, were allowed to

change jobs to the alternative position of secretary, after their respective jobs were eliminated.

30. On or about April of 2004 and thereafter, Defendant allowed less qualified male employees to be awarded alternative positions after their jobs were eliminated.

31. Other positions for which Complainant was qualified were also open at the Valley Crest Nursing Home at the time of her termination.

32. The Plaintiff was not offered any alternative employment to any other positions for which she was qualified at the Valley Crest Nursing Home at the time of her termination.

33. At all times material hereto, Plaintiff performed her services as a transportation aide in a good, competent, and professional manner.

34. The purported elimination of Plaintiff's position was pretextual on account of Plaintiff's age, inasmuch as the same functions were subsequently performed by younger employees.

35. The purported elimination of Plaintiff's position was pretextual on account of Plaintiff's sex, inasmuch as the same functions were subsequently performed by male employees.

36. Defendant's refusal to offer an alternative position to the Plaintiff was on account of her age.

37. Defendant's refusal to offer an alternative position to the Plaintiff was on account of her sex.

38. Plaintiff has suffered damages in the form of loss of employment, loss of compensation, loss of employment benefits, embarrassment, humiliation and emotional distress, and other compensatory and consequential damages, on account of this discrimination.

39. The actions and omissions of Defendants were willful, deliberate, outrageous, extremely offensive, and discriminatory against Plaintiff on account of her age and sex on a continuing basis and were performed with malice and reckless indifference to Plaintiff's civil rights, such that an award of punitive damages is warranted.

## VII.   CAUSES OF ACTION

### COUNT I
### Violation of the ADEA, 29 U.S.C. §623(a) and (d)

40. Paragraphs 1 through 39 of this Complaint are incorporated by reference as though set forth in full.

41. Plaintiff has complied with all jurisdictional prerequisites of 29 U.S.C. §626 as fully described in paragraphs 1 through 10 of this Complaint.

42. The unlawful discrimination hereinbefore stated constitutes a violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(d).

43. In light of Defendant's willful, knowing and intentional discrimination against the Plaintiff, Plaintiff seeks an award of liquidated damages equal to the amount owing.

**WHEREFORE,** Plaintiff prays for entry of the following relief:

      a.      Entry of a declaratory judgment that Defendant's policies and practices complained of herein violate Plaintiff's rights protected under the ADEA;

      b.      Entry of a preliminary and permanent injunction enjoining the Defendant, its officers, employees, agents and all persons acting in concert with the Defendant from violating the provisions of the ADEA and directing the Defendant to restore to the Plaintiff all wages, retirement benefits, and other employment benefits due her from the date of her termination;

      c.      Entry of a money judgment, awarding Plaintiff damages representing lost wages and all other sums of money, including retirement benefits and other employment benefits which she would have earned had she not been discriminated against, together with interest on said amounts;

      d.      Grant the Plaintiff an Order requiring the Defendant to reinstate the Plaintiff to her former job position or to a position similar in responsibilities and pay, and to make the Plaintiff whole, by an appropriate back pay award, prejudgment interest, fringe benefits, and otherwise, for the violations described above; or, if the Defendant cannot reinstate the Plaintiff, enter an Order requiring the Defendant to pay front pay, fringe benefits and other compensation to the Plaintiff;

      e.      Entry of money judgment against Defendant awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §626(b) of the ADEA;

  f.  An award to Plaintiff of her cost of suit including reasonable attorney's fees; and,

  g.  An award to Plaintiff of such other and further relief as this Court deems just and proper.

## COUNT II
### Age Discrimination in Violation of the Pennsylvania Human Relations Act, 43 P.S. §955(a)

44. Paragraphs 1 through 43 of this Complaint are incorporated herein by reference as though set forth in full.

45. The unlawful discrimination hereinbefore stated constitutes a violation of the Pennsylvania Human Relation Act, 43 P.S. §955.

46. As a direct and proximate result of the unlawful discrimination as hereinbefore stated, the Plaintiff has suffered great mental anguish, embarrassment and humiliation.

**WHEREFORE,** Plaintiff prays for entry of the following relief:

  a.  Entry of a preliminary and permanent injunction enjoining the Defendant, its officers, employees, agents and all persons acting in concert with the Defendant from violating the provisions of the Pennsylvania Human Relations Act and directing the Defendant to restore to the Plaintiff all wages and retirement benefits due her from the date of her termination;

  b.  Entry of a money judgment, awarding Plaintiff damages representing lost wages and all other sums of money, including retirement benefits and other employment benefits which she would have earned if she had not been discriminated against together with interest on said amounts;

  c. Grant the Plaintiff an Order requiring the Defendant to reinstate the Plaintiff her former job position or to a position similar in responsibilities and pay, and to make the Plaintiff whole, by appropriate back pay awards, prejudgment interest, fringe benefits, and otherwise, for the violations described above; or, if the Defendant cannot reinstate the Plaintiff, enter an Order requiring Defendant to pay front pay, fringe benefits and other compensation to the Plaintiff;

  d. Award the Plaintiff compensatory damages; and,

  e. Award to Plaintiff such other and further relief as this Court deems just and proper.

**COUNT III**
**Title VII of the Civil Rights Act of 1964**
**42 U.S.C. §2000e-2(a)**
**Discrimination on Account of Sex**

 47. Paragraphs 1 through 46 of this Complaint are incorporated herein as by reference as though set forth in full.

 48. The unlawful employment practices herein before stated constitute violations of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a).

 49. The actions described herein in violation of the civil rights of the Plaintiff were committed by the Defendant because of Plaintiff's sex.

 **WHEREFORE,** Plaintiff demands in her favor and against the Defendant and prays:

  (a) That this court declare that the practices in which the Defendant has engaged are discriminatory and in violation of Title VII of the Civil Rights Act of 1964;

(b) That this court permanently enjoin the Defendant from engaging in discrimination against its employees on account of their sex;

(c) That this court permanently enjoin the Defendant from discriminating against their employees on the basis of sex with regard to the terms and conditions of employment;

(d) That this court order the Defendant to pay to Plaintiff compensatory damages;

(e) That this court order the Defendant to pay to Plaintiff punitive damages;

(f) That this court order the Defendant to pay to Plaintiff reasonable attorneys' fees and the costs of this action.

(g) Entry of a money judgment, awarding Plaintiff damages representing lost wages and all sums of money, including retirement benefits and other employment benefits which she would have earned had she not been discriminated against together with interest on said amounts;

(h) That this court order the Defendant to return the Plaintiff to her former position with them and to make Plaintiff whole, by an appropriate back pay award, prejudgment interest, fringe benefits, and otherwise, which, she would have received if the wrongful acts alleged herein had not occurred;

(i) That this court award such other and further relief as may be just and equitable.

## COUNT IV
### Sex Discrimination in Violation of the Pennsylvania Human Relations Act, 43 P.S. §955(a)

50. Paragraphs 1 through 49 of this Complaint are incorporated herein by reference as though set forth in full.

51. The unlawful discrimination hereinbefore stated constitutes a violation of the Pennsylvania Human Relation Act, 43 P.S. §955.

52. As a direct and proximate result of the unlawful discrimination as hereinbefore stated, the Plaintiff has suffered great mental anguish, embarrassment and humiliation.

**WHEREFORE,** Plaintiff prays for entry of the following relief:

    a. Entry of a preliminary and permanent injunction enjoining the Defendant, its officers, employees, agents and all persons acting in concert with the Defendant from violating the provisions of the Pennsylvania Human Relations Act and directing the Defendant to restore to the Plaintiff all wages and retirement benefits due her from the date of her termination;

    b. Entry of a money judgment, awarding Plaintiff damages representing lost wages and all other sums of money, including retirement benefits and other employment benefits which she would have earned if she had not been discriminated against together with interest on said amounts;

    c. Grant the Plaintiff an Order requiring the Defendant to reinstate the Plaintiff her former job position or to a position similar in responsibilities and pay, and to make the Plaintiff whole, by appropriate back pay awards, prejudgment interest,

fringe benefits, and otherwise, for the violations described above; or, if the Defendant cannot reinstate the Plaintiff, enter an Order requiring Defendant to pay front pay, fringe benefits and other compensation to the Plaintiff;

        d.     Award the Plaintiff compensatory damages; and,

        e.     Award to Plaintiff such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED:

Borland & Borland, LLP

/s/ David P. Tomaszewski, Esquire
David P. Tomaszewski, Esquire
Attorney ID#47011
11th Floor, 69 Public Square
Wilkes-Barre, PA  18701
(570) 822-3311
(570) 822-9894 (fax)
tzewski@borlaw.com

/s/ Kimberly D. Borland
Kimberly D. Borland, Esquire
Borland & Borland, L.L.P.
69 Public Square
11th Floor
Wilkes-Barre, PA  18701
borlandk@borlaw.com
Attorneys for the Plaintiff